IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PAREKH VISHAL**                                                                                       **PETITIONER**

**v.**                                     **CIVIL ACTION NO. 5:20-cv-113-KHJ-MTP**

**WARDEN SHAWN R. GILLIS**                                    **RESPONDENT**

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action and failure to comply with the Court's orders. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On April 21, 2020, Petitioner filed his Petition [1], indicating that his address is Adams County Correctional Center, P.O. Box 1600, Washington, Mississippi. On December 14, 2020, the Clerk of Court attempted to mail an Order [8] to Petitioner at his address of record. The mail, however, was returned as undeliverable. *See* Mail Return [9].

Petitioner has a duty to advise the Court of his current address. The Court previously warned Petitioner that his failure to inform the Court of his current address may result in this case being dismissed. *See* Order [2].

On April 29, 2021, the Court entered an Order to Show Cause [10], directing that "[o]n or before May 13, 2021, Petitioner shall show cause why this action should not be dismissed for failure to comply with the Court's order directing him to advise the Court of his current address." The Court warned Petitioner that his failure to respond to the Order [10] may result in this action

1

being dismissed without further notice.  Plaintiff failed to respond to the Order [10].[1]  Plaintiff has not filed anything of record, or otherwise contacted the Court, in over a year.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the petitioner's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Martin v. Pearson*, 405 Fed. App'x 859, 860 (5th Cir. 2010) (citing Rule 41(b) and affirming the dismissal of a § 2241 habeas action where the petitioner failed to comply with the district court's order).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).  This case exemplifies the type of dilatoriness and inaction that warrants Rule 41(b) dismissal.

## RECOMMENDATION

As Petitioner has failed in his obligation to prosecute his case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing

---

[1] The Clerk of Court attempted to mail the Order to Show Cause [10] to Petitioner, but the mail was returned as undeliverable.  The returned mail states: "Return to Sender" and "Released." *See* Mail Return [11].

party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 18th day of May, 2021.

s/ Michael T. Parker
United States Magistrate Judge